******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBERT M. BLOCH *v*. BARBARA
CALLAGHAN ET AL.
(AC 38100)

Alvord, Sheldon and Prescott, Js.

*Argued October 24—officially released December 13, 2016*

(Appeal from Superior Court, judicial district of New
Haven, B. Fischer, J.)

*Robert M. Bloch*, self-represented, the appellant
(plaintiff).

*Opinion*

PER CURIAM. On October 24, 2014, the plaintiff, Robert M. Bloch, filed this action sounding in tort against Barbara Callaghan and against two attorneys who the plaintiff claimed had represented her, Gregory Bachand and Frank Lieto. On December 1, 2014, Bachand moved that the action be dismissed as to him for lack of personal jurisdiction on the grounds that (1) the plaintiff did not post a recognizance bond, as required by General Statutes § 52-185 and Practice Book § 8-3, and (2) the plaintiff did not serve him in hand or at his place of abode, as required by General Statutes § 52-54.

The trial court held a hearing on Bachand's motion on April 27, 2015. By order dated May 6, 2015, the court granted the motion to dismiss on the ground that "there was insufficient service of process upon him." In his brief to this court, the plaintiff fails to challenge the basis upon which the trial court dismissed his claim against Bachand. Instead, the plaintiff argues that his claim against Bachand should not have been dismissed on the basis of his failure to provide a recognizance. Even if the plaintiff is correct in this regard, we can provide him no relief because he has failed to challenge the trial court's stated basis for dismissing his claim, namely, his failure to properly serve Bachand. His claim is therefore moot. See *In re Jorden R.*, 293 Conn. 539, 556–57, 979 A.2d 469 (2009).

The appeal is dismissed.

––––––––––––––––––––––